UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDROMEDA MANAGEMENT LTD.,

      Plaintiff,

  - against -

IGT NAVIGATION LTD., PM SHIPPING CO.
LTD., PRIMORSK SHIPPING CORPORATION,
a/k/a PRISCO CORPORATION, PRISCO
TANKER LTD. and PRISCO (SINGAPORE) PTE.
LTD.

      Defendants.
------------------------------------------------------------X

-- CV --
ECF CASE


RECEIVED AUG 2 4 2007 U.S.D.C. S.D.N.Y. CASHIERS

## VERIFIED COMPLAINT

Plaintiff, ANDROMEDA MANAGEMENT LTD. ("Andromeda" or "Plaintiff"), by and through its attorneys, Tisdale Law Offices, LLC for its Verified Complaint against the Defendants, IGT NAVIGATION LTD., ("IGT"), PM SHIPPING CO. LTD. ("PM Shipping"), PRIMORSK SHIPPING CORPORATION a/k/a PRISCO CORPORATION ("PRIMORSK SHIPPING"), PRISCO TANKER LTD. ("PRISCO TANKER") and PRISCO (SINGAPORE) PTE. LTD. ("PRISCO (SINGAPORE)") (collectively referred to as "Defendants") alleges, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.     At all times material to this action, Plaintiff was, and still is, a foreign company, or other business entity, organized under, and existing by virtue of foreign law with a principal place of business at British Virgin Islands.

3. Upon information and belief, Defendant IGT was a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a principal place of business in Cyprus and was the alleged Owner of the Vessel GEMINI 1 ("Vessel").

4. Upon information and belief, Defendant PM Shipping was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a principal place of business in Cyprus and was the paying agent to whom all charter hire payments were made on behalf of IGT, pursuant to a Charter Party identified below.

5. Upon information and belief, Defendant Primorsk Shipping, a/k/a Prisco Corporation was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with an office and place of business in Russia.

6. Upon information and belief, Defendant Prisco Tanker was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a principal place of business in Russia.

7. Upon information and belief, Defendant Prisco (Singapore) was, and still is, a foreign corporation, or other business entity organized under and existing by virtue of foreign law with a principal place of business in Singapore and is the operator and operations manager of the Vessel, on behalf of IGT and Prisco Tanker.

8. Pursuant to a Charter Party dated November 21, 2002, Plaintiff Andromeda, as charterer, contracted with IGT, as Owners, of the Vessel for the shipment of crude petroleum products.

9. The Charter Party specified that the Vessel "shall have a full and efficient complement of master, officers and crew" with "sufficient personnel" on board "with a good working knowledge of the English language."

10. The Charter Party specified that IGT would provide SIRE reports properly logged in the SIRE Register by specific entities.

11. The Charter Party specified that Andromeda would pay charter hire 30 days in advance.

12. Andromeda was instructed to, and did, make charter hire payments to PM Shipping at the direction of Prisco (Singapore).

13. Certain disputes arose between the parties regarding IGT's breach of the Charter Party.

14. As a result of IGT's breaches of the Charter Party, Andromeda has lost future charters for the Vessel and has sustained damages in the total principal amount of $700,617.18, exclusive of interest, arbitration costs and attorneys fees.

15. Despite due demand, IGT has failed to pay the amounts due and owing under the Charter Party as a result of its various breaches.

16. Pursuant to the Charter Party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

17. Andromeda has instituted arbitration proceedings in London against IGT pursuant to the terms of the Charter Party and has appointed its arbitrator.

18. Andromeda and IGT have made submissions to the arbitration panel and the arbitration is proceeding based on an outlined schedule.

19. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Andromeda will be entitled to recover the following amounts under the final arbitration award:

| | | |
|---|---|---|
| A. | Principal claim: | $700,617.18 |
| B. | Interest at 6.5% compounded Quarterly from November 21, 2002 | $251,266.97 |

|   |   |   |   |
|---|---|---|---|
| | C. | Arbitration costs and attorneys fees | $350,000.00 |
| Total | | | **$1,301,884.18** |

**DEFENDANTS' RELATIONS**

I. <u>IGT and PM Shipping</u>

20. Upon information and belief, IGT is the alter ego of PM Shipping because PM Shipping dominates and disregards IGT's corporate form to the extent that PM Shipping is actually carrying on IGT's business and operations as if the same were its own.

21. Upon information and belief, Defendant IGT is an alias or agent of PM Shipping and/or PM Shipping is an alias, or agent of IGT.

22. Upon information and belief, Defendants IGT and PM Shipping share common ownership and operation such that IGT is 100% owned by PM Shipping.

23. Upon information and belief, PM Shipping is the paying agent of IGT, such that Plaintiff Andromeda was instructed to, and did, make all hire payments to PM Shipping.

24. Upon information and belief, IGT and PM Shipping share the same registered office at 4, Diagorou Str., Kermia House, Apt. 601, Nicosia, Cyprus.

25. Upon information and belief, IGT and PM Shipping share the same directors that include Antonis Indianos and Rena David.

26. Upon information and belief, IGT and PM Shipping share the same secretary identified as Indilaw Secretarial Ltd.

27. In the alternative, IGT is merely a shell-corporation through which PM Shipping conducts its business.

II. <u>PM Shipping and Prisco Tanker</u>

4

28. Upon information and belief, Defendants PM Shipping and Prisco Tanker are affiliated companies such that PM Shipping is 100% owned by Prisco Tanker.

29. Upon information and belief, PM Shipping is the alter ego of Prisco Tanker because Prisco Tanker dominates and disregards PM Shipping's corporate form to the extent that Prisco Tanker is actually carrying on PM Shipping's business and operations as if the same were its own.

30. Upon information and belief, PM Shipping is an alias or agent of Prisco Tanker and/or Prisco Tanker is an alias, or agent of PM Shipping.

31. In the alternative, PM Shipping is merely a shell-corporation through which Prisco Tanker conducts its business.

III. IGT and Prisco (Singapore)

32. Upon information and belief, IGT is the alter ego of Prisco (Singapore) because Prisco (Singapore) dominates and disregards IGT's corporate form to the extent that Prisco (Singapore) is actually carrying on IGT's business and operations as if the same were its own.

33. Upon information and belief, IGT is an alias or agent of Prisco (Singapore) in that Prisco (Singapore) signs it name on the letterhead of IGT.

34. Upon information and belief, IGT is an alias or agent of Prisco (Singapore) in that Prisco (Singapore) directs the invoicing for debts owed to IGT.

35. Upon information and belief, Defendants IGT and Prisco (Singapore) share common ownership and operation such that both companies are ultimately owned and operated by Primorsk Shipping.

IV. Prisco Tanker and Primorsk

36. Upon information and belief, Prisco Tanker and Primorsk Shipping share common ownership and operation such that Prisco Tanker is 100% owned by Primorsk Shipping.

37. Upon information and belief, Prisco Tanker is the owner of the Vessel.

38. Upon information and belief, Prisco Tanker is a holding company of Primsorsk Shipping.

39. Upon information and belief, Primorsk Shipping "settles strategic and tactic issues connecting with the operation of all fleet" which includes the Vessel.

V. Prisco (Singapore) and Primorsk Shipping

40. Upon information and belief, Prisco (Singapore) is the agent for Primorsk Shipping.

41. Upon information and belief, Prisco (Singapore) is the operations manager for Primorsk Shipping.

42. Upon information and belief, at all relevant times, Prisco (Singapore) was the operator of the Vessel.

43. Upon information and belief, Prisco (Singapore) is a wholly owned subsidiary of Primorsk Shipping.

44. In the alternative, Primorsk Shipping is the alter ego of Prisco (Singapore) because it dominates and disregards Prisco (Singapore's) corporate form to the extent that Primorsk Shipping is controlling and carrying on Prisco (Singapore's) business and operations as if the same were its own.

VI. Primorsk Shipping a/ka/ Prisco Corporation

45. Upon information and belief, Primorsk Shipping is also known as Prisco Corporation and Prisco is an acronym for **Pri**morsk **S**hipping **Co**rporation, such that the reference to Primorsk Shipping and Prisco are used interchangeably on their web address and indicate that they are one in the same. (*See* www.prisco.ru/eng).

46. Upon information and belief, Primorsk Shipping and Prisco share the same website address, mailing address, telephone contact information, and e-mail contact addresses.

47. Upon information and belief, Primorsk Shipping, a/k/a Prisco has a board of directors that is a "joint management body exercising general control of the company's activities . . . [and] makes the most important decisions on the on-going management of the company's assets, supervise the performance of all subsidiaries and execute essential management tasks." (*See* www.prisco.ru/eng).

VII.  Additional Factors Regarding Defendants' Relations

48. Upon information and belief, IGT, PM Shipping, Prisco Tanker, and Prisco (Singapore) are all alter egos of Primorsk Shipping because Primorsk Shipping dominates the corporate management and structure of each entity, fully owns and operates each entity and disregards the corporate form of the other entities to the extent that Primorsk Shipping is actually carrying on the business of every other defendant as if the same were its own.

49. In the alternative, PM Shipping is an alias or agent of Primorsk Shipping.

50. In the alternative, Prisco Tanker is an alias or agent of Primorsk Shipping.

51. In the alternative, Prisco (Singapore) is an alias or agent of Primorsk Shipping.

52. Upon information and belief, the Defendants share common ownership, operation, personnel and premises.

53. Upon information and belief, the Defendants have no separate, independent identity and share the same head office location at Administrativny Gorodok, Nakhodka-4 in Primorsky Krai, Russia, with the same phone number of +7(4236)694505, with the same fax number of +7(4236) 694575, with the same website address for the head office and all representative offices of www.prisco.ru.

54. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the

pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Societe Generale and/or Barclays Bank which are believed to be due and owing to the Defendants.

55.  The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Barclays Bank, and/or Societe Generale, which are due and owing to the Defendants, in the amount of **$1,301,884.15** calculated to date to secure the Plaintiff's claims, and that all persons claiming any

interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.   That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       August 24, 2007

The Plaintiff,
ANDROMEDA MANAGEMENT, LTD.,

By_____
Claurisse Campanale-Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Town of Southport
County of Fairfield   )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale Law Offices LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, Connecticut
         August 24, 2007

_____
Claurisse Campanale-Orozco