JONES J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANDROMEDA MANAGEMENT LTD.,

       Plaintiff,

  - against -

IGT NAVIGATION LTD., PM SHIPPING CO.
LTD., PRIMORSK SHIPPING CORPORATION,
a/k/a PRISCO CORPORATION, PRISCO
TANKER LTD. and PRISCO (SINGAPORE) PTE.
LTD.

       Defendants.
-------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/07
```

07 CV 7501 (BSJ)

ECF CASE

## EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT

**WHEREAS**, on August 24, 2007 Plaintiff, Andromeda Navigation Ltd. filed a Verified Complaint herein for damages against the Defendants, IGT Navigation Ltd., PM Shipping Co. Ltd., Prisco Tanker Ltd., Prisco (Singapore) Pte. Ltd. and Primorsk Shipping Corporation, a/k/a Prisco Corporation amounting to **$1,301,884.15** and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of the Defendant's property within the District of this Court; and

**WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist;

**NOW,** upon motion of the Plaintiff, it is hereby:

**ORDERED**, that Pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of the Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and monies, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire or any other funds or property up to the amount of **$1,301,884.18** belonging to, due or being transferred to, from or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' name(s) or as may be held, received or transferred for their benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishee(s) to be named on whom a copy of the Process of Maritime Attachment and Garnishment may be served; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further order of the Court; and it is further

**ORDERED** that following initial service by the U.S. Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means.

Dated: __August 24__, 2007

SO ORDERED:

_____
U.S. D. J.

LAURA TAYLOR SWAIN U.S.D.J.   PART I